IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT OFFICE

| | |
|---|---|
| JESSICA KARNES, <br> On behalf of herself and all others <br> similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY ACCOUNTING SERVICE, LLC, <br><br> Defendant. | 2:16-cv-13849 <br><br> JURY TRIAL DEMANDED |

### CLASS ACTION COMPLAINT

NOW COMES the Plaintiff, JESSICA KARNES, on behalf of herself and all others similarly situated, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, UNIVERSITY ACCOUNTING SERVICE, LLC, Plaintiff states as follows:

#### I.   PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

#### II.   JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

4.  JESSICA KARNES, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Flat Rock, County of Wayne, State of Michigan.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Spring Arbor University (hereinafter, "the Debt").

6. The Debt was for a student loan allegedly obtained by Plaintiff, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. UNIVERSITY ACCOUNTING SERVICE, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan.  Defendant is registered as a limited liability company in the State of Wisconsin.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. GENERAL ALLEGATIONS

### COUNT I:
### JESSICA KARNES, INDIVIDUALLY, v. UNIVERSITY ACCOUNTING SERVICE, LLC.

14. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this Complaint as though fully set forth herein.

15. On or about April 28, 2016, Plaintiff was granted a discharge of the loan that created the Debt due to her application for discharge as a result of her permanent disability.

16. Subsequent to the aforesaid discharge of the loan that created the Debt, Defendant sent correspondence to Plaintiff in an attempt to collect the Debt.

17. Plaintiff's father contacted Defendant on behalf of Plaintiff to advise Defendant that the loan creating the Debt was discharged. Defendant responded to Plaintiff that it would investigate and respond accordingly.

18. On or about October 4, 2016, Defendant sent Plaintiff a correspondence in an attempt to collect the Debt. (See a true and exact copy of the correspondence, dated October 4, 2016, attached hereto as **Exhibit A**).

19. Plaintiff received the correspondence from Defendant, dated October 4, 2016.

20. In the correspondence Defendant sent to Plaintiff, dated October 4, 2016, Defendant stated that the balance of the Debt was $1,864.99 and that "full payment of $1,864.99 is due on November 1, 2016."

21. In the correspondence Defendant sent to Plaintiff, dated October 4, 2016, Defendant stated that a check should be made payable to Spring Arbor University.

22. Defendant's representation to Plaintiff that she must pay the Debt was false, deceptive and/or misleading given that the Debt had been previously discharged by Navient, the original creditor or servicing creditor.

23. Defendant's representation to Plaintiff that she must pay the Debt immediately, as payment was due on the same date that the letter itself was dated, misrepresented the character, nature and/or legal status of the Debt given that the Debt was not due and owing.

24. Defendant's correspondence dated October 4, 2016 did not state that the communication was from a debt collector, despite the fact that it was.

25. The failure to notify Plaintiff that the communication was coming from a debt collector is likely to cause confusion to the least sophisticated consumer as to the nature of the business of the defendant.

26. Given that the Defendant uses the terms University Accounting Service in its name, and that it advises the consumer to make her checks payable directly to Spring Arbor University, Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e(11) causes a concrete harm as she is unable to determine the relationship between the school and the company that sent the correspondence, and cannot discern whether they are separate or related entities, or whether Defendant is merely the accountants for the aforesaid school.

27. In its attempts to collect the Debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   d. Failed to notify in all communications that the communication is coming from a debt collector in violation of 15 U.S.C. §1692e(11); and,

  e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

28. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer concrete harm as described above.

WHEREFORE, Plaintiff, JESSICA KARNES, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

## V.   CLASS ALLEGATIONS

### COUNT II:
### JESSICA KARNES, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, v. UNIVERSITY ACCOUNTING SERVICE, LLC

29. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this Complaint as though fully set forth herein.

30. Plaintiff brings this action on behalf of herself and all others similarly situated.

31. Plaintiff seeks to represent a class of individuals defined as follows:

> All persons located in the United States who, within one year before the date of Plaintiff's Complaint, received a correspondence from Defendant in connection with an attempt to collect a debt allegedly owed by the consumer to an educational institution, where the Defendant failed to notify the consumer that said correspondence was a communication from a debt collector, and where the contents of the correspondence was substantially similar or materially identical to the correspondence that Plaintiff alleged was sent to her by Defendant on or about October 4, 2016, attached hereto as **Exhibit A**.

32. The proposed class specifically excludes the United States of America, the State of Michigan, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Sixth Circuit, the Justices of the United States Supreme Court, all officers, agents and duly authorized representatives of Defendant and all personal related to within the third degree of consanguinity or affection to any of the foregoing individuals.

33. The class is averred to be so numerous that joinder of members is impracticable.

34. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

35. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

36. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to:

   a. The existence of Defendant's identical conduct particular to the matters at issue;
   b. Defendant's violations of the federal Fair Debt Collection Practices Act;
   c. The availability of statutory penalties; and,
   d. The availability of attorneys' fees and costs.

37. The claims of Plaintiff are typical of those of the class she seeks to represent.

38. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class members would require proof of the same material and substantive facts.

39. Plaintiff possesses the same interests and has suffered the same injuries as each class member.

40. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

41. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

42. Plaintiff is willing and prepared to serve this Court and proposed class.

43. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

44. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)B. The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

46. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

47. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on ground generally applicable to the class, making final declaratory or injunctive relief appropriate.

48. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

49. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in Plaintiff's Complaint in that:

   a. Individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake;

   b. As a result, very little litigation has been commenced over the controversies alleged in Plaintiff's Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; and,

   c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

50. Defendant has sent correspondence to Plaintiff (see a true and exact copy of said correspondence attached hereto as **Exhibit A**) and all others similarly situated.

51. In the aforesaid correspondence Defendant failed to state that the communication was coming from a debt collector.

52. Defendant's failure to notify the members of the class that the communication was coming from a debt collector is likely to cause confusion to the least sophisticated consumer as to the nature of the business of the defendant.

53. Given that the Defendant uses the terms University Accounting Service in its name, and that it advises the consumer to make checks payable directly to the university they attended, Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e(11)

causes a concrete harm as a consumer is unable to determine the relationship between the school and the company that sent the correspondence, and cannot discern whether they are separate or related entities, or whether Defendant is merely the accountants for the aforesaid school.

54. In its attempts to collect the debts allegedly owed by Plaintiff and all others similarly situated, Defendant violated the FDCPA, 15 U.S.C. §1692, with respect to Plaintiff and all others similar situated in one or more of the following ways:

  a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

  c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

  d. Failed to notify the consumer that the communication is coming from a debt collector; and,

  e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

55. As a result of Defendant's violations as aforesaid, Plaintiff and all others similarly situated have suffered, and continue to suffer, concrete harm as described above.

WHEREFORE, Plaintiff, JESSICA KARNES, on Behalf of Herself and All Others Similarly Situated, by and through her attorneys, respectfully prays for judgment as follows:

  a. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

  b. Adjudging that Defendant violated the Fair Debt Collection Practices Act;

  c. Awarding Plaintiff, and all those similarly situated, statutory damages of $1,000.00 per class member;

    d. Awarding Plaintiff, and all those similarly situated, all actual compensatory damages suffered;

    e. Awarding Plaintiff, and all those similarly situated, Plaintiff's attorneys' fees and cost; and,

    f. Awarding Plaintiff, and all those similarly situated, any other relief deemed appropriate by this Honorable Court

## VI. JURY DEMAND

56.    Plaintiff hereby demands a trial by jury on all issues so triable.

    Respectfully submitted,
**JESSICA KARNES, on behalf of herself and all others similarly situated**

By:   s/ Larry P. Smith
      Attorney for Plaintiff

Dated: October 28, 2016

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:  (312) 324-3532
Facsimile:  (888) 418-1277
E-Mail:  lsmith@smithmarco.com